UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH WAYNE WOODFIN,

    Petitioner,

v.                                                     Civil Action No. **3:10CV495**

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Kenneth Wayne Woodfin, a Virginia state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Woodfin contends that he is being unlawfully detained because Virginia's parole statutes are constitutionally flawed. Respondent has moved to dismiss. Woodfin has responded. The matter is ripe for disposition.

### I. Procedural History

Woodfin currently is serving multiple life sentences for a series of three murders and other crimes he committed in the 1980s. *See Woodfin v. Commonwealth*, 372 S.E.2d 377, 378 (Va. 1988); *Woodfin v. Angelone*, No. 3:01cv417, 2002 WL 32443535, at *2–3 (E.D. Va. Apr. 1, 2002). Woodfin became eligible for discretionary parole on April 26, 2002. (Resp't's Mot. Dismiss Ex. B. (Fahey Aff.) ¶ 6.) Since 2002, the Virginia Parole Board ("the Board") has periodically reviewed Woodfin for release on parole. (*Id.* ¶¶ 6–7.) The Board has concluded that Woodfin was not a suitable candidate for release on parole because of, *inter alia*, the serious nature and circumstances of his offenses. (*Id.* Encls. C, D.)

---

[1] The Court's citations in this Memorandum Opinion refer to the 28 U.S.C. § 2254 Petition received by the Court on September 16, 2010. (Docket No. 7.)

On January 7, 2010, Woodfin filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. In that petition, Woodfin asserted he was being unlawfully detained because Virginia's parole statutes are constitutionally flawed. On March 22, 2010, the Supreme Court of Virginia denied Woodfin's petition on the grounds "that the petition for writ of habeas corpus was not timely filed, Code § 8.01-654(A)(2), and further finding that habeas corpus does not lie in this matter, *see Carroll v. Johnson*, 278 Va. 683, 694, 685 S.E.2d 647, 652 (2009)." *Woodfin v. Dir., Dep't of Corr.*, No. 100032, at 1 (Va. Mar. 22, 2010.)

## II. Woodfin's Grounds for Federal Habeas Relief

Woodfin contends that he is entitled to federal habeas relief upon the following grounds:

| | |
|---|---|
| Claim One | "The petitioner asserts that Va. Code 53.1-136(1) . . . is facially unconstitutional and void <u>in part</u> for granting the respondents naked arbitrary power in patent violation of the guarantees of due process of law . . . ." (§ 2254 Pet. 16.) |
| Claim Two | "The petitioner asserts that Va. Code § 53.1-136(1) . . . is facially unconstitutional and void <u>in part</u> under the Void-For-Vagueness Doctrine because the said Code contains the words 'general rules governing the granting of parole.'" (*Id.* at 19.) |
| Claim Three | "The petitioner asserts that Va. Code § 53.1-136(2(a)) . . . is facially unconstitutional and void <u>in part</u> because the said Code contains the words 'and are found suitable. . . , according to those rules adopted pursuant to subdivision 1.'" (*Id.* at 23 (second omission in original).) |
| Claim Four | "The petitioner asserts that the words 'Adopt, subject to approval by the Governor, . . . eligibility requirements' in Va. Code 53.1-136(1) . . . are facially unconstitutional and void as being a separation of powers violation." (*Id.* at 25 (first omission in original).) |
| Claim Five | "The petitioner asserts that Va. Code § 53.1-136(1) . . . is facially unconstitutional and void <u>in part</u> on the basis of void-for-vagueness because the said Code contains the words 'Adopt, subject to approval by the Governor, . . . . eligibility requirements.'" (*Id.* at 27 (second omission in original).) |
| Claim Six | "The petitioner asserts that the words 'The Board shall also determine that his release on parole will not be incompatible with the interests of society or of the prisoner' in Va. Code § 53.1-155 . . . are unconstitutional on the basis of being void-for-vagueness . . . ." (*Id.* at 29.) |

2

## III. Analysis

### A. Jurisdiction

Woodfin is entitled to federal habeas relief only if he can demonstrate that his continued detention "violat[es] the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). There is some doubt whether Woodfin may bring his present challenges to Virginia's parole scheme in habeas rather than in a civil rights action under 42 U.S.C. § 1983. The Supreme Court has held those challenges to parole eligibility proceedings which seek new parole procedures, but which would not necessarily result in speedier release, do not "lie[] at 'the core of habeas corpus'" and instead are cognizable under 42 U.S.C. § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). As the Supreme Court recently explained, "[h]abeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier release' from confinement." *Skinner v. Switzer*, 131 S. Ct. 1289, 1293 (2011) (*quoting Wilkinson*, 544 U.S. at 82).

The Supreme Court, however, has not decided whether § 1983 is the exclusive remedy for prisoners, like Woodfin, who seek immediate release even though the challenges they raise plainly do not make that remedy available. *See Townes v. Jarvis*, 577 F.3d 543, 549–50 n.4 (4th Cir. 2009); *Terrell v. United States*, 564 F.3d 442, 446 (6th Cir. 2009) (noting the circuit courts "appear to be in conflict" on "whether habeas and § 1983 (or the equivalent for a federal prisoner) are mutually exclusive actions"). The Court need not resolve this contentious issue because Woodfin's constitutional challenges fail under either habeas or § 1983. *See Neal v. Fahey*, No. 3:07cv374, 2008 WL 728892, at *1 (E.D. Va. Mar. 18, 2008); *see also Townes*, 577

3

F.3d at 549–50 n.4; *Doxie v. Clarke*, No. 2:10CV379, 2011 WL 1930666, at *3 (E.D. Va. Apr. 22, 2011) (allowing similar claims to proceed in habeas).

### B. Separation of Powers

Prior to addressing the remainder of Woodfin's claims, it is appropriate to dispense with his assertion that Virginia's parole scheme violates separation of powers principles. The separation of powers doctrine is embodied in the federal Constitution and is not binding on a state. *See Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980) (citing cases); *Gozy v. Newland*, 52 F. App'x 920, 921 (9th Cir. 2002). The question of whether Virginia's parole scheme violates the doctrine of separation of powers found in the Virginia Constitution does not provide a basis for federal habeas corpus relief. *Gozy*, 52 F. App'x at 921 (*citing Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985)); *Bowling v. Johnson*, No. 7:09-cv-00085, 2009 WL 1437845, at *4 (W.D. Va. May 21, 2009). Accordingly, Claim Four and that portion of Claim One that raises a separation of powers challenge will be DISMISSED.

### C. Pertinent Virginia Parole Statutes

The two statutes at the heart of Woodfin's claims for habeas relief are sections 53.1-136 and 53.1-155 of the Virginia Code. Those statutes provide in pertinent part:

> In addition to the other powers and duties imposed upon the Board by this article, the Board shall:
> 1. *Adopt, subject to approval by the Governor*, general rules governing the granting of parole and eligibility requirements, which shall be published and posted for public review;
> 2. (a) Release on parole for such time and upon such terms and conditions as the Board shall prescribe, persons convicted of felonies and confined under the laws of the Commonwealth in any correctional facility in Virginia when those persons become eligible *and are found suitable for parole, according to those rules adopted pursuant to subdivision 1*;

Va. Code Ann. § 53.1-136 (West 2011) (emphasis added).

4

> No person shall be released on parole by the Board until a thorough investigation has been made into the prisoner's history, physical and mental condition and character and his conduct, employment and attitude while in prison. The Board shall also determine that his release on parole *will not be incompatible with the interests of society or of the prisoner.*

Va. Code Ann. § 53.1-155(A) (West 2011) (emphasis added). Woodfin contends, *inter alia*, that the italicized portions of these statutes are unconstitutionally vague. Woodfin asserts that the Court should strike these portions of the statutes, thus resulting in his absolute right to be released on parole because he is eligible for parole. As explained below, such arguments are entirely frivolous.

### D. Void for Vagueness

"'It is a basic principle of due process that an enactment is void for vagueness if its *prohibitions* are not clearly defined.'" *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289–90 (1982) (*quoting Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972)). "Consistent with that approach, the [Supreme] Court has steadfastly applied the void-for-vagueness doctrine only to statutes or regulations that purport to define the lawfulness of conduct or speech." *Nyeholt v. Sec'y Veterans Affairs*, 298 F.3d 1350, 1356 (Fed. Cir. 2002) (citing cases). Therefore, "a void-for-vagueness challenge must be directed to a statute or regulation that purports to define the lawfulness or unlawfulness of speech or conduct." *Id.* at 1357; *see Woodruff v. U.S. Dep't of Labor, Office of Workers Comp. Program*, 954 F.2d 634, 642 (11th Cir. 1992)) (concluding that regulation which does not seek to regulate the conduct of individuals is not subject to void for vagueness challenge). The parole statutes challenged by Grimm do not attempt to define the lawfulness of conduct or speech. Rather, these statutes merely prescribe the general process and criteria for granting parole in Virginia. Therefore, Grimm cannot raise a

void-for-vagueness challenge to these statutes. *See Vann v. Angelone*, 73 F.3d 519, 523 (4th Cir. 1996) ("The Constitution simply does not speak to the generality or specificity of the standards for parole eligibility adopted by a state." (*citing Greenholtz v. Neb. Penal Inmates*, 442 U.S. 1, 7–8 (1979))); *Glauner v. Miller*, 184 F.3d 1053, 1055 (9th Cir. 1999) (indicating void-for-vagueness challenge did not apply to parole statute which was not "intended to police a citizen's behavior" (*citing Kolender v. Lawson*, 461 U.S. 352, 357 (1983))); *Horsman v. Williams*, No. 2:04cv818-MHT, 2006 WL 3350473, at *11 (M.D. Ala. Nov. 16, 2006). *But see Hess v. Bd. of Parole & Post-Prison Supervision*, 514 F.3d 909, 913–15 (9th Cir. 2008) (applying void-for-vagueness challenge to Oregon's parole laws).² Accordingly, Woodfin's void-for-vagueness challenges in Claims One, Two, Three, Five, and Six lack merit and will be DISMISSED.

---

² Even if the Court were to assume that Woodfin could mount a void-for-vagueness challenge to Virginia's parole laws, the statutes pass constitutional muster. The Supreme Court has emphasized that if a state chooses to create a parole system, "the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." *Greenholtz*, 442 U.S. at 8. Given the broad discretion entrusted to the states in the area of parole, language similar to that employed by Virginia has withstood constitutional challenges. *See Glauner*, 184 F.3d at 1055 (emphasizing broad discretion traditionally entrusted to parole boards and rejecting void-for-vagueness challenge to provision which prohibited parole eligibility to inmates convicted of enumerated sexual offenses absent a certification that the inmate is not a "menace to the health, safety or morals of others") (internal quotation marks omitted); *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999) (rejecting void-for-vagueness challenge to statute which provided inmate shall not be released on parole until the parole board has reasonable assurance the prisoner will not become a menace to society or to the public safety); *see also Barber v Clarke*, No. 2:10cv482, 2011 WL 1479881, at *1 (E.D. Va. Apr. 15, 2011); *Jackson v. Clarke*, No. 2:10cv569, 2011 WL 1675386, at *4 (E.D. Va. Mar. 29, 2011) (rejecting void-for-vagueness challenge to section 53.1-136(2) of the Virginia Code).

### E. Alleged Arbitrary and Discriminatory Conduct by the Board

In Claim One, Woodfin cites *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), to support his assertion that section 53.1-136(1) is void because the Due Process Clause[3] forbids laws that constitute a grant of "'naked arbitrary power'" (hereinafter "the *Yick Wo* claim"). (§ 2254 Pet. 17.) In *Yick Wo*, the petitioner challenged his conviction for operating a laundry without a license.[4] Given the palpably discriminatory manner in which the local authorities dispense licenses to Chinese and non-Chinese applicants, the Supreme Court concluded that Yick Wo's conviction "amount[ed] to a practical denial by the state of that equal protection of the laws . . . [by] the fourteenth amendment." *Id.* at 373. The Supreme Court concluded that "[t]hough the law itself be fair on its face, and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution." *Id.* at 373–74. "Equal protection claims are allowed in such circumstances not because the particular law at issue is facially invalid or inapplicable to the plaintiff's conduct, but because of the concern that individuals with discretion in law enforcement will take advantage of that discretion to oppress unpopular groups." *Abcarian v. McDonald*, 617 F.3d 931, 940 (7th Cir. 2010).

Woodfin, however, has failed to advance facts that plausibly suggest the Board has acted in an arbitrary or discriminatory manner in denying him release on parole. Woodfin suggests the

---

[3] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[4] The record reflected that local authorities largely refused to grant a license to operate a laundry to Chinese applicants. *Yick Wo*, 188 U.S. at 374.

7

Board merely selects inmates at random for release on parole and directs the Court to the case of Trance W. Wilkins. (§ 2254 Pet. 20.) Woodfin notes that Wilkins was serving a 143-year sentence for two counts of attempted murder, three counts of robbery, and multiple weapons crimes. (*Id.*) The Board released Wilkins on parole in 2009.[5] Contrary to Woodfin's suggestion, there appears to be an eminently rational basis for the Board to release Wilkins, but deny release to Woodfin. Wilkins did not kill anyone, while Woodfin murdered three people. Furthermore, Woodfin shot two additional individuals, one of whom was a deputy sheriff and the other was a police officer. *See Woodfin v. Angelone*, No. 3:01cv417, 2002 WL 32443535, at *3–4 (E.D. Va. Apr. 1, 2002). Accordingly, Woodfin's *Yick Wo* claim will be DISMISSED.

## IV. Conclusion

Woodfin's claims will be DISMISSED. Respondent's Motion to Dismiss (Docket No. 11) will be GRANTED. Woodfin's Motion for Summary Judgment (Docket No. 16) will be DENIED. The § 2254 will be DENIED and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

---

[5] Woodfin, however, does not state how much time Wilkins served prior to being paroled or describe the factual circumstances of Wilkins's offenses.

No law or evidence suggests that Woodfin is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 7-22-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge

9