

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KENNETH WAYNE WOODFIN,**

Petitioner,

v.            Civil Action No. **3:10CV495**

**GENE M. JOHNSON,**

Respondent.

## MEMORANDUM OPINION

Kenneth Wayne Woodfin, a Virginia state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Woodfin claimed that he was being unlawfully detained because Virginia's parole statutes are constitutionally flawed. By Memorandum Opinion and Order entered on July 25, 2011, the Court rejected Woodfin's claims and dismissed the action. On August 1, 2011, the Court received from Woodfin a Motion to Vacate Judgment. Because the Motion to Vacate Judgment was filed within twenty-eight days of the entry of the July 22, 2011 Memorandum Opinion and Order, the Court will consider it as a motion for relief under Federal Rule of Civil Procedure 59(e). *See Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (*citing Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Woodfin's motion fails to satisfy any of the above grounds for relief. For example, Woodfin does not identify any error of law by the Court and does not demonstrate that vacating the July 25, 2011 Memorandum Opinion and Order is necessary to prevent any injustice. Rather, Woodfin asserts that the Court misunderstood his claims and reasserts the arguments the Court previously rejected. *See Pac. Ins. Co.*, 148 F.3d at 403. Accordingly, Woodfin's Motion to Vacate Judgment (Docket No. 21) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Woodfin is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall issue.

Date: 8-31-11
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge